William J. Regan, J.
In this judicial settlement proceeding the petitioners have requested among other things a determination that the value of certain gifts made by the decedent during his lifetime to various charitable beneficiaries be deemed advancements and charged against said beneficiaries’ shares of the residuary estate. It appears that the coexecutors received two letters from the decedent during his lifetime dated October 20, 1969 and December 29, 1969 respectively, expressing his intention that certain gifts made by him during his lifetime and described in said letters should be considered advancements to the charitable beneficiaries therein named.
The last will and testament of the deceased dated April 5, 1967; a first codicil thereto dated February 5, 1968; a second codicil thereto dated July 2, 1968; a third codicil thereto dated January 9,1969; and a fourth codicil thereto dated October 24, 1969 were all duly admitted to probate by a decree of this court dated May 21, 1970. The fourth codicil contains the following: “ I have heretofore made gifts to certain of the beneficiaries named in Paragraph twelfth of my said Last Will and Testament, and I may make additional gifts to them and other beneficiaries named in said Paragraph. I hereby direct that all of such gifts which are evidenced by letters from me to my corporate Executor expressing such intent shall be considered as advancements and shall be charged without interest against the respective recipients thereof at the value of such gifts as appraised for Estate Tax purposes, or, if not included in my gross taxable estate, the value at which they would have been appraised if included therein, which value shall be deducted from the bequests made to such beneficiaries under said Paragraph twelfth. It is my intention that this provision with respect to advancements shall apply only to gifts made to the charities named in said Paragraph twelfth of my Last Will and Testa *324 ment and only to the extent made to them as beneficiaries under said Paragraph twelfth and not as they may be beneficiaries under any other Paragraph of my said Last Will and Testament.”
The charities named in article twelfth of the decedent’s will are as follows: Millard Fillmore Hospital; Young Men’s Christian Association; The Buffalo Foundation; Buffalo chapter, Boy Scouts of America; Genesee Conference of the Methodist Church.
Under article twelfth the decedent bequeathed 5% of his residuary estate in equal shares to the foregoing charities.
The letters received by the executors as aforesaid, consisted of a direction to said executors to treat gifts of various shares of stock to the Millard Fillmore Hospital, the Buffalo chapter, Boy Scouts of America and the YMCA of Buffalo and Erie County as advancements to be charged against the bequest made to them as beneficiaries under article twelfth of his will dated April 5, 1967.
EPTL 2-1.5 provides as follows:
“ (a) An advancement is an irrevocable gift intended by the donor as an anticipatory distribution in complete or partial satisfaction of the interest of the donee in the donor’s estate, either as distributee in' intestacy or as beneficiary under an existing will of the donor.
“ (b) No advancement shall affect the distribution of the estate of the donor unless proved by a writing contemporaneous therewith signed by the donor evidencing his intention that the gift be treated as an advancement, or by the donee acknowledging that such was the intention.
“ (c) When so proved, the advancement is part of the estate of the donor for the purpose of distribution. If such advancement is equal to or greater than the interest of the donee, whether in intestacy or under the will, such donee or his successor in interest may not share in the distribution of the estate; but if less than such intestate share or testamentary interest, the donee or his successor in interest may take his intestate share or testamentary interest reduced by the amount of the advancement.”
The above letters forwarded to the executors were similar in content, expressing pretty much the same- language as the following pertaining to the YMCA: “ I have recently made gift of 500 shares of Hoppers Company common stock to the Y.M.C.A. of Buffalo and Erie. County. I direct that this gift be treated as. advancement and charged against the bequest *325 made to the Y.M.C.A. of Buffalo and Erie County under Paragraph twelfth of. my Last Will and Testament dated April 5, 1967. Please attach this letter to my Will for future reference.”
Clearly then, the deceased, by his written request to the executors, explicitly manifested his desires and intention in full compliance with the statutory direction contained in above EPTL 2-1.5.
It is accordingly the decision of this court that the lifetime gifts made by the deceased as described in the letters above referred to are determined to be advancements in reduction of the shares of the YMCA of Buffalo and Erie County, the Millard Fillmore Hospital of Buffalo and Buffalo chapter, Boy Scouts of America respectively named as beneficiaries under article twelfth of decedent’s will.